**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| World, L.L.C, et al., | ) | CASE NO. 1:15 CV 24 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Atlas Choice Corp., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 24), Defendant Atlas Choice Corp.'s Motion to Strike Class Allegations (Doc. 27), Defendant Atlas Choice Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 28), and William Chinnock's Motion to Withdraw as a Party (Doc. 32). This case concerns allegations of fraud in connection with a rental car transaction. For the reasons set forth below, the motion to remand is DENIED. The motions to strike and withdraw are GRANTED. The motion to dismiss is GRANTED IN PART and DENIED IN PART.

### Facts

1

Plaintiffs William Chinnock and World, LLC, ("World") an assignee of part of Chinnock's claims, bring suit against Atlas Choice Corporation ("Atlas")  alleging fraud in connection with a rental car transaction.

Plaintiffs originally filed this matter in state court against Atlas and AutoRentals.com Corporation ("AutoRentals"), an agent of Atlas.  Defendants timely removed it on the basis of federal question jurisdiction under the Class Action Fairness Act ("CAFA") and the Racketeer Influenced Corrupt Organizations Act ("RICO").  Plaintiffs subsequently moved to remand the matter and the Court denied the motion.  This Court held that AutoRentals could properly remove the case to federal court even though it was not effectively served.  In addition, the Court concluded that subject matter jurisdiction exists based on CAFA and RICO.  After removal, plaintiffs voluntarily dismissed AutoRentals.

The following facts are set forth in the amended complaint. (Doc. 8).  On October 6, 2014, Atlas offered to lease a car to Chinnock in Cleveland, Ohio for the total price of $258.57, which included a $35 deposit.  Chinnock accepted this offer.  Immediately after, Atlas informed Chinnock that the lease price was in fact $337.95.  Chinnock telephoned Atlas to "cancel this lease because Atlas misrepresented the total price."  After being informed that the cancellation had to be in writing, Chinnock then immediately wrote to cancel the lease.  Atlas responded that there was a $30 cancellation fee.  After the cancellation, Atlas charged Chinnock $36.  Subsequently, Atlas charged Chinnock's credit card an additional $223.57.

The amended complaint alleges seven claims against Atlas.  Counts one through three state violations of RICO, 18 U.S.C. § 1962.  Count four alleges a violation of the Ohio Pattern of Corrupt Activities Act, O.R.C. § 2923.21-36.  Count five alleges a violation of "Ohio and other

2

states deceptive trade practices acts [O.R.C. 4165.01]." Count six alleges a violation of the Ohio

Consumer Fraud Act ("OCSPA"), O.R.C. § 1345.03(A).   Count seven alleges a claim for

common law fraud.

This matter is now before the Court upon Plaintiffs' Motion to Remand for Lack of

Subject Matter Jurisdiction (Doc. 24), Defendant Atlas Choice Corp.'s Motion to Strike Class

Allegations (Doc. 27), William Chinnock's Motion to Withdraw as a Party (Doc. 32), and

Defendant Atlas Choice Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint

(Doc. 28).  The Court addresses the motions in turn.

### I. Motion to Remand

Plaintiffs'[1] motion to remand is, in large part, a motion for reconsideration.  As in their

first motion to remand, plaintiffs argue that AutoRentals could not remove the case to this Court

as it had not been served at the time of removal.  The Court is unpersuaded by plaintiffs'

argument, which was considered and dismissed in the Court's previous Opinion.  Accordingly,

the argument is not well-taken.

Plaintiffs now argue for the first time that the case had not commenced under Ohio law at

the time AutoRentals removed to this Court.  This argument is not well-taken.  Under Ohio law,

a case is commenced when the complaint is served on *any* defendant.  Ohio Civ. R. 3 ("A civil

action is commenced by filing a complaint with the court, if service is obtained within one year

from such filing upon a named defendant, or upon an incorrectly named defendant whose name is

---

[1]    As set forth below, the Court grants plaintiff Chinnock's motion to withdraw his
       claims.  Therefore, the only remaining plaintiff is Atlas.  For ease of reference,
       however, the Court will refer to plaintiffs in the plural throughout this opinion as
       both plaintiffs moved for relief.

3

later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).").  Here, there is no dispute that the complaint had been served on Atlas so the case had commenced at the time of removal. Consequently, plaintiffs' second motion to remand is DENIED.

### II. Motion to Strike Class Allegations and Chinnock's Motion to Withdraw

Federal Rule of Civil Procedure 12(f) authorizes courts to strike "from any pleading any insufficient defense or any redundant, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion is designed "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Kennedy v. Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986).  In class actions, the Sixth Circuit has held that when discovery cannot cure the central defect in the class claim, class allegations may be stricken from the complaint. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011).

Atlas moves to strike the class allegations in the amended complaint because Chinnock is acting as both class representative and class counsel.

 "[F]or the same individual to attempt representation of the class as plaintiff and as class counsel presents an inherent conflict of interest." *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th. Cir. 1976) (finding a law firm could not be class counsel to a class action suit brought by three of its attorneys and one of their spouses); *Missud v. Oakland Coliseum Joint Venture*, No. 12-02967, 2013 WL 812428, at *26 (N.D. Cal. March 5, 2013) (granting a motion to strike class allegations where named plaintiff was also class counsel).

Chinnock concedes that it is improper for him to act in this dual capacity.  As such, he seeks to withdraw as a party leaving World to represent the class.  According to Chinnock, he

4

could then act as class counsel.  The Court rejects this argument.  As the Sixth Circuit has noted, "[i]f the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same person." *Turoff*, 531 F.2d at 1360.  As an initial matter, World is not an adequate class representative in that its interests are only those of an assignee.  Chinnock is the only member of World and his home address is its principal address. (Doc. 27-1).  World has no independent basis of knowledge for Chinnock's claim other than from Chinnock.  Ethically, Chinnock cannot act as both class representative and class counsel as he is a necessary witness in the case which arises from his own attempt to rent a car. Ohio Rule of Professional Conduct 3.7(a) ("A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness[.]").[2]

Chinnock's unopposed motion to withdraw is granted. World, as the sole remaining plaintiff, is not an adequate class representative.  As such, the motion to strike the class allegations is GRANTED.[3]

### III. Motion to Dismiss

### Standard of Review

---

[2] The Court agrees with Atlas that none of the exceptions to this rule apply.

[3] The class allegations asserted with respect to the OCSPA claim fail for the additional reason that plaintiffs fail to plead prior notice.  The pleadings do not identify specific rules or court decisions which characterize Atlas's alleged conduct as unfair or deceptive.  This is fatal to the OCSPA class claims. *Pattie v. Coach, Inc.*, 29 F. Supp. 3d 1051 (N.D. Ohio 2014); *Bower v. Int'l Bus. Machines, Inc.*, 495 F. Supp. 2d 837, 841 (S.D. Ohio 2007). Moreover, the cases relied on by plaintiffs involve the sale of automobiles, which is not "substantially similar" to the rental of an automobile.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must contain sufficient factual material to state a claim "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### Counts One through Three—Federal RICO Claims

Atlas argues that the federal RICO claims should be dismissed.  First, Atlas contends that the pleadings identify Atlas as both an "enterprise" and a "person" under the statute and this is fatal to the claims.  Second, the pleadings fail to meet the standard of Federal Rule of Civil Procedure 9 to demonstrate a "pattern" of racketeering activity because no second act has been pled.

18 U.S.C. § 1962(c) states:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

6

Section 1962 requires separate legal entities as the "person" and the "enterprise." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1489 (6th Cir. 1989).

Here, the pleadings state that "Atlas is a 'person' and an 'enterprise' within the meaning of 18 USC 1961(3) and 18 USC 1962(a), (b), and (c)." (First Am. Comp. ¶20).  Plaintiffs present no arguments in defense of the pleadings.  Having clearly alleged Atlas is both the "person" and "enterprise" for purposes of the section 1962 claims, the claims are dismissed. *Puckett*, 889 F.2d at 1489 (dismissing RICO claim where plaintiff pled the same entity as the "person" and "enterprise").

Even if the pleadings had properly alleged a distinct person and enterprise, the Court finds that the complaint must be dismissed for failing to allege a pattern of racketeering activity. In order to establish a pattern, a plaintiff must allege facts sufficient to demonstrate (1) a relationship between the predicate acts and (2) the threat of continued activity. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 229 (6th Cir. 1997) (*citing H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-42 (1989)).  In analyzing the first factor, "it is not the number of predicates but the relationship that they bear to each other or to some external organizing principle that renders them 'ordered' or 'arranged.'" *H.J. Inc.*, 492 U.S. at 238.  When RICO claims are based on allegations of fraud, "the plaintiffs must also satisfy the heightened particularity requirements of Federal Rule of Civil Procedure 9(b) with respect to the elements of fraud." *Huff v. First Energy Corp.,* 972 F. Supp. 2d 1018, 1027 (N.D. Ohio 2013).

The pleadings do not meet this requirement.  Here, the pleadings only allege one act, Chinnock's own attempt to rent a car. (First Am. Comp. ¶ 8).  The pleadings' vague references to World's other acts do not satisfy the requirements of Rule 9. (First Am. Comp. ¶ 26) ("Atlas

7

conspired to and maintained an interest in and control over the enterprise through a pattern of thousands of acts of racketeering activity."). A single act is not a "pattern" of activity. Plaintiffs fail to offer any substantive argument in defense of the claims. Having failed to plead any pattern, the RICO claims fail for this reason as well.

### Count Four—Ohio Corrupt Practices Act

Atlas also moves to dismiss plaintiffs' claim under the Ohio Corrupt Practices Act, O.R.C. § 2923.31. The Ohio statute "is patterned after the federal RICO Act[,]" and therefore, "analysis of the [Ohio statute] is analogous to that of the federal RICO statute." *Powell v. Wal–Mart Stores, Inc.*, No. 1:06CV 00603, 2007 WL 987321, at *2 (N.D. Ohio Mar. 30, 2007), aff'd, 303 F. App'x 284 (2008); *U.S. Demolition & Contracting, Inc. v. O'Rourke Constr. Co.*, 94 Ohio App. 3d 75, 83, 640 N.E.2d 235, 240 (1994).

As discussed above, the pleadings fatally identify Atlas as both an "enterprise" and "person" under the statute. They also do not identify any pattern of racketeering activity. Again, there are no substantive arguments offered in support of the claim. As such, the motion to dismiss is granted.

### Count Five—Ohio Deceptive Trade Practices Act Claim

Atlas seeks dismissal of the Ohio Deceptive Trade Practices Act ("ODTPA") claim arguing that plaintiffs lack standing because they are consumers.

After review, the Court agrees with Atlas. Consumers lack standing to file suits under ODTPA. *Hamilton v. Ball*, 4th Dist. Scioto No., 7 N.E.3d 1241, ¶ 33 (holding that consumers lack standing to file suit under ODTPA); *Dawson v. Blockbuster, Inc.*, 8th Dist. Cuyahoga No. 86451, 2006-Ohio-1240, 2006 WL 1061769, ¶¶ 21–25 (same); *Robins v. Global Fitness*

8

*Holdings, LLC*, 838 F. Supp. 2d 631, 649–650 (N.D.Ohio 2012) (finding that a consumer may not pursue a claim under ODTPA); *CitiMortgage, Inc. v. Crawford*, 934 F. Supp. 2d 942, 950 (S.D. Ohio 2013) (holding that a consumer does not have standing to sue under ODTPA).

The amended complaint repeatedly refers to World and the class as "consumers." *See e.g.,* First Am. Comp. ("NOW COMES Plaintiffs World, L.L.C. ("World") and William Chinnock ("Chinnock"), collectively herein called "Consumers[.]").  Plaintiffs present no argument in support of the claim.  Consequently, the motion to dismiss is granted.[4]

**Count Six—Violations of Ohio Consumer Fraud Act**

O.R.C. § 1345.03(A) states: "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  Atlas argues it is entitled to dismissal because Chinnock cannot show a misleading statement of opinion upon which he relied.  Atlas contends that Chinnock was informed he would have to pay $79.38 in addition to the $258.57 he lists in the complaint.  In support, Atlas includes a copy of a printout of its website showing a test transaction for a car rental.  There, the price for a rental car is broken down between "payable now" and "payable locally."  An affidavit from Joe Karim, Atlas's principal, avers that this is representative of the screen that Chinnock would have seen when he agreed to rent a car.  The affidavit states that Chinnock was aware of a $79.38 "payable locally" amount.  According to plaintiffs, the Court cannot consider the evidence.

---

[4]     Claim 5 is entitled "Violations of Ohio and Other States Deceptive Trade Practices Acts [O.R.C. 4165.01]." No other state laws are identified. Consequently, to the extent plaintiffs are seeking to state a claim under other state laws, the claim is dismissed for failure to state a claim.

In spite of World's scant opposition to the motion, the Court denies the motion to dismiss this claim.  The Court cannot consider the website printout and affidavit at this time.  The Court is unpersuaded by Atlas's argument that it may be considered because it is the parties' contract. The attached document is a printout of a test transaction. (Doc. 28 p. 2).  This test screen is not referred to in the complaint.  And, although courts may often consider the parties' written agreements even if omitted from the complaint, the document Atlas relies on is not the parties' *actual* contract.  Because the document Atlas seeks to rely on is not the parties' agreement, it cannot be considered by the Court at this time.[5]

### Count Seven—Common Law Fraud

Atlas seeks to dismiss the claim for common law fraud.  Atlas argues that World has failed to demonstrate a misrepresentation that was relied upon because it would have been clear to Chinnock that the "payable locally" amount was part of the price.  Atlas also avers that it refunded Chinnock all of his money so he cannot demonstrate injury.  As discussed above, the Court cannot consider the test page and the affidavit.  Atlas has not provided the Court with the actual contract between the parties which would demonstrate that Chinnock agreed to a price of $337.95.  Furthermore, the amended complaint alleges that Atlas charged Chinnock's credit card. It does not allege the money was refunded.  The motion to dismiss this claim is denied.

### <u>Conclusion</u>

For the reasons set forth above, Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 24) is DENIED.  Defendant Atlas Choice Corp.'s Motion to Strike Class Allegations (Doc. 27) and William Chinnock's Motion to Withdraw as a Party (Doc. 32) are

---

[5]    The Court declines to convert the motion into one for summary judgment.

GRANTED.  Defendant Atlas Choice Corporation's Motion to Dismiss Plaintiffs' First

Amended Complaint (Doc. 28) is GRANTED IN PART and DENIED IN PART.  The complaint

is dismissed except as to counts six and seven which remain pending.

      IT IS SO ORDERED.


           /s/Patricia A. Gaughan
           PATRICIA A. GAUGHAN
Date: 5/18/15         United States District Judge